John A. Berg, OSB No. 120018
jberg@littler.com
LITTLER MENDELSON P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Telephone:    503.221.0309
Fax No.:       503.242.2457

Attorneys for Defendant Ross
Dress for Less, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JAYANA RUSHING,<br><br>                Plaintiff,<br><br>    vs.<br><br>ROSS DRESS FOR LESS, INC., a Virginia corporation,<br><br>                Defendant. | Case No. 3:21-cv-01308-JR<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant Ross Dress for Less, Inc. ("Ross") answers the Complaint ("Complaint") of

Plaintiff Jayana Rushing ("Plaintiff") as follows:

1.      Defendant Ross Dress for Less, Inc., (hereinafter, "Ross") is and at all times mentioned herein has been a Virginia corporation engaged in the retail sale of clothing and home goods, including stores located in Multnomah County, Oregon and a store located at 10041 NE Cascades Parkway, Portland, Oregon.  Ross conducts regular, sustained business activity in Multnomah County.

**ANSWER:**  Ross admits that it was incorporated in the State of Virginia, and that it

operates retails stores, including one within Multnomah County, Oregon at 10041 NE Cascades

Parkway ("Store").  Ross denies the remaining allegations and the legal conclusions within

Page 1- ANSWER AND AFFIRMATIVE DEFENSES

Paragraph 1.

2.      Defendant Kim Doe (hereinafter Kim) is an employee of Ross, last name unknown. At all times mentioned herein, Ross had actual control or a right of control of Kim Doe and/or Kim Doe was an actual or apparent agent of Ross.  The conduct of Kim Doe was within the course and scope of her employment and/or agency of Ross.

**ANSWER:**  Ross lacks information or knowledge sufficient to admit or deny the truth of

the factual allegations within Paragraph 2, and therefore denies them. Ross denies the legal

conclusions within Paragraph 2.

3.      On or about October 9, 2020, plaintiff was a customer at the above-referenced store in Portland, Oregon, when Kim stopped plaintiff, told plaintiff she wasn't welcome in the store and refused the services of Ross by demanding the plaintiff leave the store.  When the plaintiff asked for an explanation why she was being refused service Kim would only say that her business wasn't welcome.

**ANSWER:**  Ross admits that one of its employees asked Plaintiff to leave its Store on or

around October 9, 2020 and, when Plaintiff asked why, she stated that Plaintiff's business was not

welcome.  Ross denies the remaining allegations within Paragraph 3.

4.      Plaintiff is African-American.  Plaintiff observed numerous Caucasian customers shopping in the store who were not stopped, told that their business wasn't welcome and asked to leave the store.  The plaintiff was the only African-American customer in the store that she saw.

**ANSWER:**   Ross admits that Plaintiff is African-American, and that Ross serves

customers of all races.  Ross lacks information or knowledge sufficient to form a belief about what

Plaintiff observed on or about October 9, 2020, and therefore denies the same.  Ross denies the

remaining allegations within Paragraph 4.

## CLAIM FOR RELIEF FOR DISCRIMINATION AGAINST ALL DEFENDANTS

5.      Plaintiff realleges and incorporates by reference paragraphs 1 through 4, above.

**ANSWER:**  Ross re-alleges and incorporates its answers to Paragraph 1–4 above.

6.      The above-described Ross store is, and at all times mentioned herein, has been a place of public accommodation within the meaning of ORS 659A.400. At least part of the motivation for the above-described conduct was the plaintiff's race.

LITTLER MENDELSON P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

**ANSWER:** Ross admits that it sells goods to the public. Ross denies the legal conclusions and remaining factual allegations within Paragraph 6.

7. The above-described conduct violates ORS 659A.403, which prohibits discrimination in places of public accommodation on account of race.

**ANSWER:** Ross admits that ORS 659A.403 prohibits racial discrimination in places of public accommodation. Ross denies the legal conclusions and remaining factual allegations within Paragraph 7, including the assertion that Ross violated ORS 659A.403.

8. As a result of the above-described discrimination, plaintiff suffered, continues to suffer, and will in the future suffer from feelings of racial stigmatization, all to her noneconomic damages not to exceed a maximum combined amount of $55,000 for all claims. This amount is pled for jurisdictional purposes only.

**ANSWER:** Ross admits that Plaintiff purports to plead damages for jurisdictional purposes only. Ross denies the remaining allegations within Paragraph 8.

## AFFIRMATIVE DEFENSES

Ross re-alleges and incorporates all matters admitted and alleged above and further affirmatively alleges:

### FIRST AFFIRMATIVE DEFENSE

9. Any act of racial profiling violates Ross policy and falls outside the course and scope of employment with Ross.

### SECOND AFFIRMATIVE DEFENSE

10. Plaintiff's claim is barred, in whole or in part, by the equitable doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

11. Plaintiff's claim is barred, in whole or in part, by Ross' good faith effort to provide its goods to the public free from discrimination of all kinds, to employ preventative and remedial

Page 3- ANSWER AND AFFIRMATIVE DEFENSES

measures to that end, and to otherwise comply with all applicable state and federal laws.

## FOURTH AFFIRMATIVE DEFENSE

12.     Plaintiff's claim is barred, in whole or in part, by the legitimate non-discriminatory reason(s) for the allegedly discriminatory act(s) and/or the absence of any consideration of Plaintiff's race.

## FIFTH AFFIRMATIVE DEFENSE

13.     Plaintiff's claims for damages are barred, in whole or in part, by Plaintiff's failure to make reasonable efforts to mitigate her damages and/or by successful mitigation.

## SIXTH AFFIRMATIVE DEFENSE

14.     Under the facts of this case, any imposition of punitive damages or penalty of any kind (including, but not limited to, an award of attorneys' fees) would violate Ross' constitutional rights, including, but not limited to, equal protection and due process rights under the Fifth and Fourteenth Amendments of the United States Constitution, and its right to be free from excessive fines under the Eighth Amendment of the United States Constitution.

## RESERVATION OF RIGHTS

Ross has not yet completed an exhaustive investigation into, or discovery of, the allegations, facts, and circumstances of the subject matter of Plaintiff's allegations, and accordingly, Ross reserves the right to amend, modify, revise, or supplement this Answer and Affirmative Defenses, and to plead such further defenses and affirmative defenses and take such further actions as may be deemed proper and necessary in its defense upon the completion of investigation and discovery.

LITTLER MENDELSON P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

## PRAYER FOR RELIEF

WHEREFORE, having fully answered the Complaint, Ross respectfully requests that this Court:

1.      Dismiss the Complaint in its entirety;

2.      Deny each and every demand, claim, and prayer for relief asserted against Ross in the Complaint;

3.      Award Ross its reasonable attorneys' fees and costs incurred in defending this action; and

4.      Grant such other and further relief as this Court may deem just and proper.


Dated:      September 10, 2021

/s/ John A. Berg
John A. Berg, OSB No. 120018
LITTLER MENDELSON P.C.

Attorneys for Defendant Ross Dress for Less, Inc.

LITTLER MENDELSON P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309